O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAVIELYS YULIETH CANTILLO SIERRA,

        Petitioner,

    v.

MARKWAYNE MULLIN, et al.,

        Respondents.

Case No. 5:26-cv-02297-KES

ORDER GRANTING PETITION

## I.    INTRODUCTION

Javielys Yulieth Cantillo Sierra ("Petitioner") filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1) challenging her detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  Respondents answered the Petition by stating that they "are not presenting an opposition argument at this time."  (Dkt. 9.)  The Court therefore GRANTS the Petition, as described herein.

## II.    FACTUAL BACKGROUND

Petitioner is a Colombian citizen who fled Colombia with her children having received death threats and to avoid the risk of torture.  (Dkt. 1 at 2, ¶ 2.)  They entered the United States on September 7, 2024, and promptly turned themselves in

1

to border patrol officials in Brownsville, Texas, seeking asylum.  (Id. at 2-3, ¶¶ 2-3.)

On September 12, 2024, Petitioner received a Notice to Appear that charged her with violating section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") for being present in the United States without admission or parole.  (Id. at 3, ¶ 4.)  She was taken into detention, then released without bond on September 13, 2024, once it was determined that she was neither a flight risk nor a danger to the community.  (Id.)  Petitioner complied with the conditions of her release and integrated into her community.  (Id. at 3-4, ¶ 5.)  "[S]he is a well-regarded, hard-working, law-abiding mother who … has strong community, family, and employment ties in the United States."  (Id. at 4, ¶ 5.)

On January 6, 2026, without notice, Petitioner was re-arrested and re-detained by ICE.  (Id. ¶ 6.)  She contends that this detention is arbitrary, as there were no changed circumstances, violations of the conditions of her release, or any other lawful bases besides the initial charges against her when she crossed the border two years ago.  (Id. at 5, ¶ 8.)

### III.   PROCEDURAL HISTORY

On May 1, 2026, Petitioner filed the present Petition alleging violations of Petitioner's Fourth and Fifth Amendment rights, as well as her rights under the Administrative Procedure Act and the INA.  (Id. at 20-28, ¶¶ 49-73.)  On May 8, 2026, Respondents answered, stating that they "are not presenting an opposition argument."  (Dkt. 9.)  All parties consented to the jurisdiction of the Magistrate Judge.  (Dkt. 3, 7.)

### IV.   CONCLUSION

Based on the facts and law stated in the Petition, and in light of Respondents' lack of opposition, IT IS HEREBY ORDERED that Judgment be entered, as follows:

1.      Granting the Petition;

2.      Ordering Respondents to **immediately release** Petitioner from

custody and to return to her all documents, identification cards, and other items confiscated by Respondents upon Petitioner's arrest;

3.   Enjoining Respondents from "re-arresting and re-detaining Petitioner in violation of her constitutional rights and th INA and specifically, without an individualized pre-deprivation notice of the basis for the revocation of her parole and a hearing before a neutral arbiter at which Respondents must provide by clear and convincing evidence of a material change of circumstances regarding Petitioner's flight risk or danger to others at the time of her re-arrest in accordance with 8 U.S.C. § 1226 and its implementing regulations; and

4.   Enjoining Respondents from placing any monitoring device, such as an ankle monitor, on Petitioner's person in violation of her constitutional rights without an individualized notice of the basis for such device and a hearing before a neutral arbiter at which Respondents must provide by clear and convincing evidence of a material change of circumstances regarding Petitioner's flight risk or danger requires such monitoring.[1]

DATED: May 12, 2026

_Karen E. Scott_
Hon. Karen E. Scott
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA") (Dkt. 1 at 29), Petitioner's counsel must file a post-judgment application that complies with the 28 U.S.C. § 2412(d)(1)(B).

3